# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff-Appellee,** | |
| **vs.** | **C.A. 08-30434** |
| **BASIL PETER HERBST,** | **D.C. No.: CR 07-103-BLG-JDS** |
| **Defendant-Appellant.** | |

## BRIEF OF APPELLEE UNITED STATES
_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION
_____

**WILLIAM W. MERCER**
**United States Attorney**
**MARCIA HURD**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 1478**
**Billings, MT 59103**
**2929 Third Ave. North, Suite 400**
**Billings, MT 59101**
**Phone: (406) 657-6101**

**ATTORNEYS FOR APPELLEE**
**United States of America**

TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE ISSUE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

STATEMENT OF RELATED CASES. . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

<u>Cases</u>                                                           <u>Page</u>

*Gall v. United States*,
    552 U.S. 38 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Booker*,
    543 U.S. 220 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Cantrell*,
    433 F.3d 1269 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Carpenter*,
    221 Fed.Appx. 517 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Carty*,
    520 F.3d 984 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . 10, 11

*United States v. Garro*,
    517 F.3d 1163 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . 13

## Statutes                                                          Page

18 U.S.C. § 2251(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

18 U.S.C. § 2251(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

18 U.S.C. § 2252A(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

18 U.S.C. § 2252A(a)(5)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2


## Other Authorities                                                 Page

Fed. R. App. P. 32(a)(7)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**INTRODUCTION**

Basil Peter Herbst sexually abused both his daughter and niece for years and permanently recorded that abuse with sexually explicit photographs and video. Some of those photographs have been distributed throughout the country via the internet to other pedophiles. Herbst also received images of child pornography via the internet and transported child pornography images and movies across state lines. He was convicted of producing, transporting, receiving and possessing child pornography using several digital cameras, his home computers and the internet.

Herbst's appeal challenges the reasonableness of his 840 month sentence for these numerous child sexual exploitation convictions. His advisory guideline range of life was correctly calculated and is not disputed. The district court considered the sentencing factors under Section 3553(a) and found that Herbst had to be taken out of society to protect the public from his propensity to sexually molest children. That need outweighed Herbst's request for therapy and any lesser sentence. His sentence should be affirmed.

1

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291. Judgment was entered on November 5, 2008 and he timely appealed. ER 9, 7.

## STATEMENT OF THE ISSUE

Herbst's advisory guideline range was life for multiple sexual exploitation convictions of children he sexually abused and photographed. He requested the minimum sentence of fifteen years on one count involving each child, for a total of 30 years. The district court analyzed the sentencing factors in 18 U.S.C. § 3553(a) and concluded that 840 months was a reasonable sentence. Guideline sentences are generally reasonable, and Herbst did not object to any alleged failure of explanation by the district court. The only issue is whether the district court abused its discretion in concluding that a sentence of 840 months was reasonable given Herbst's propensity to sexually exploit children.

## STATEMENT OF THE CASE

A grand jury indicted Herbst for numerous counts of sexual exploitation of children, 18 U.S.C. § 2251(a) and (b), distribution, transportation and receipt of child pornography, 18 U.S.C.

2

§ 2252A(a)(2), and possession of child pornography, 18 U.S.C.

§ 2252A(a)(5)(B) on August 16, 2007.  ER 102-116.  He pled guilty to

nearly all counts and was sentenced to a total of 840 months in jail,

followed by lifetime supervised release.  ER 11-12; 129.

Herbst appeals only his sentence.  ER 7.

## STATEMENT OF FACTS

The investigation began on July 9, 2007 when a foster family

reported concerns about Herbst and their adult mildly handicapped

foster daughter.[1]  Herbst gave consent for law enforcement officers to

review his laptop computer for images of child pornography and stated

that he owned a Kodak digital camera and a digital video camera.

With the assistance of computer forensic examiners, law

enforcement officers reviewed the images stored on the hard drive of

Herbst's laptop computer.  They discovered 40 images of a young

juvenile female.  The photographs depicted nudity, to include the

lascivious exhibition of the girl's genitalia.  Several photographs also

depicted the girl performing fellatio on a white adult male who had

---

[1]This section is taken from the Government's filed Offer of Proof, with which Herbst substantially agreed.  ER 127, entry 26.

3

brown pubic hair. At least three additional photographs depicted vaginal intercourse between the girl and a white adult male who had brown pubic hair. Although the adult male's face was not depicted in those pictures, he was wearing a silver thumb ring and a tattoo appeared on his abdomen above the genitals.

Further investigation revealed that the pictures were taken by Herbst with a Kodak digital camera. Another officer familiar with Herbst and his family identified the young girl in the pornographic pictures as Herbst's minor daughter. The officer reported that Herbst had many tattoos and when the officer interviewed Herbst during the investigation, he was wearing a silver thumb ring on his left hand.

As the investigation continued, the agents found numerous sexually explicit images and several movies of the same girl taken between approximately 2003 or 2004 and 2007. Law enforcement agents were able to identify various locations and hotels where Herbst produced the child pornography images over a period of years. Herbst took the pictures in various locations including at an outdoor location in Billings, in a vehicle somewhere in the county outside of Billings, at the Dude Rancher Lodge in Billings, at the Kelly Inn in Billings, by the

4

Yellowstone River in Billings, at the LaQuinta Inn in Great Falls, at the Quality Inn in Dickinson, North Dakota, at his residence in Billings and elsewhere. The agents also found other sexually explicit images of another young female niece of Herbst that he had taken at several locations as well. The images depicted her engaged in a lascivious exhibition of her genitals as well as involved in performing fellatio on Herbst.

Herbst produced the images using materials that traveled in interstate or foreign commerce and the images themselves traveled in interstate or foreign commerce as well. Sexually explicit images of Herbst's daughter have been found in two other child pornography cases investigated by the FBI and BPD in Billings, and images of her have been seen by employees of the National Center for Missing and Exploited Children during their analysis of images in computer child pornography cases from other jurisdictions.

Herbst transported the child pornography images from Montana to North Dakota and back during his travels. In addition, Herbst had other child pornography images that he had received via the Internet and saved to his computer from a date unknown and continuing

5

through July 26, 2007, when his computer was seized. Many of the images were taken by Herbst when he was home from Iraq where he was in the military.

Herbst was indicted by a Montana grand jury on August 16, 2007. ER 102-116. He was charged with sexual exploitation of children pursuant to 18 U.S.C. § 2251(a) and (b), distribution of child pornography pursuant to 18 U.S.C. § 2252A(a)(2), transportation of child pornography pursuant to 18 U.S.C. § 2252A(a)(2), receipt of child pornography pursuant to 18 U.S.C. § 2252A(a)(2) and possession of child pornography pursuant to 18 U.S.C. § 2252A(a)(5)(B). ER 102-116. Herbst pled guilty to all counts except two sexual exploitation counts charged in counts 18 and 19 and the distribution count charged in count 20. ER 61-90.

Herbst was sentenced on October 29, 2008. ER 16-53. His advisory guideline range was life. ER 24. Herbst had no objections to the guideline calculation. ER 18. Even though the images of Herbst sexually abusing his daughter had been found on other defendants' computers in multiple states, Herbst continued to deny any responsibility for distributing them. ER 25. He claimed that

6

"somewhere, somehow, those pictures have appeared on other people's computers." ER 26. Herbst argued that a life sentence was inappropriate, since he had admitted responsibility and was "a first-time offender." ER 26. He recommended a sentence of thirty years, equaling the mandatory minimum sentence of 15 years for each of the girls he sexually abused and exploited. ER 27, 41. Herbst compared his case to another where a defendant had received thirty years. ER 44.

The government recommended a life sentence. ER 45. The government cited the horrendous sexual abuse of both his daughter and his niece, his distribution of those images and more. Herbst labeled the pictures of his daughter with her first name and the words "Having Fun." ER 42-43. When allowed to speak, Herbst said that he did not "think even 30 years would be a suitable number" and that "it should be lower because it [wa]s [his] first time offense ever being in trouble with the law." ER 47. Herbst called his case "a witch hunt" and asked the court to look at him "as a person who has been a productive member of society and as a first-time offender of being in trouble with anything." ER 47.

The court distinguished the other case Herbst had compared himself to, noting "the sexual conduct was with your natural child, your daughter and your niece" and that "the offenses occurred over an extended period of time. . . . it would be many years," as well as the "irreparable" damage to the victims since the images were posted on the internet. ER 48. The court also noted that the sentence was consistent with other sentences in the district, and that sentence was "necessary to protect the public from [Herbst's] propensity to sexually molest children." ER 48-49.

The court sentenced Herbst to 360 months on Counts 1-16, and 360 months on Count 17, and 120 months on Counts 21-23, all to be served consecutively. ER 48. The total term of imprisonment was 840 months, followed by lifetime supervised release. ER 48-49. The court told Herbst that with good time, he would be 103 before he was eligible for release, so it was, in essence a life sentence. ER 49. Finally, the court said:

> ... Mr. Herbst, you are spending the rest of your life in prison, but your daughters are - - daughter and niece, the harm that you have done to them is irreconcilable. I mean, they're going to live with that the rest of their lives, the same as you had to live with the abuse that you have had.

8

And I, I have sympathy for both you and your sister, but you have to be taken out of society, and this sentence will do that.

ER 51-52.

The judgment was filed on November 5, 2008.  ER 9.  Herbst timely appealed.  ER 7.

## SUMMARY OF ARGUMENT

The sentence imposed in this case is reasonable given Herbst's multiple victims, multiple years-long offenses and predatory nature. The undisputed advisory guideline range was life and this sentence is within that range.  The district court considered the sentencing factors under Section 3553(a) and found that Herbst had to be taken out of society to protect the public from his propensity to sexually molest children.  That need outweighed Herbst's request for therapy and any lesser sentence.  The district court did all it was required to and properly exercised its discretion in sentencing Herbst.  That sentence should be affirmed.

9

# ARGUMENT

## As a Repeat and Dangerous Sexual Offender of Children, Herbst's Sentence was Reasonable.

<u>Standard of Review</u>:  Courts of appeals review all sentences for unreasonableness.  *United States v. Booker*, 543 U.S. 220, 260-62 (2005); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).  This Court's review does not focus on whether other available sentences might also have been reasonable, but on whether the sentence actually imposed was unreasonable.  *Id.*  ("We may not reverse just because we think a different sentence is appropriate.") (citing *Gall v. United States*, 552 U.S. 38 (2007)).  Absent procedural error, a sentence will be reversed only if the district court abused its discretion.  *Carty*, 520 F.3d at 993.

<u>Argument</u>:  Once a guideline range is calculated, the district court must construct a reasonable sentence "in light of all the 18 U.S.C. § 3553(a) factors."  *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006); *Carty*, 520 F.3d at 991.  Here, Herbst received a sentence of 840 months which reflects a reasonable exercise of the district court's discretion.  The guideline range calculation of life was correct and is not

10

at issue on appeal.  Instead, Herbst challenges the substantive
reasonableness of his sentence.  He claims that the district court
focused "excessively and unreasonably" on "punishment, permanent
deterrence and protection of the public."  Herbst's Br., p. 8.  Thus he
argues that the sentence is both greater than necessary and ignores
Herbst's rehabilitative needs.

This Court has held that "[a] within-Guidelines sentence
ordinarily needs little explanation unless a party has requested a
specific departure, argued that a different sentence is otherwise
warranted, or challenged the Guidelines calculation itself as contrary to
§ 3553(a).  This is because both the Commission and the sentencing
judge have determined that the sentence comports with the § 3553(a)
factors and is appropriate in the ordinary case."  *Carty*, 520 F.3d at 992.
Herbst did not ask for a specific departure, nor did he challenge the
guideline calculation itself.  He did, however, recommend the
mandatory minimum sentence of 30 years, rather than the guideline
range of life.

On appeal, Herbst claims that the district court focused
excessively and unreasonably on punishment, permanent deterrence

11

and protection of the public, giving Herbst no hope of release. Opening Br., p. 8. While it is true that Herbst cannot hope for release given his current age and the reality that he must serve at least 85% of his imposed sentence, that is because of who he is and the horrendous crimes he committed. It accounts for the district court's analysis of the nature and circumstances of the defendant and his history and characteristics, as required by *Booker* and Section 3553(a). The district court is not required to give a defendant hope for release, but rather to impose a reasonable sentence in light of the purposes of federal sentencing - retribution, deterrence, incapacitation and rehabilitation. This sentence accounts for all of those purposes.

That the district court may have weighed the 3553(a) factors differently than Herbst does not undermine the reasonableness of the sentence. The nature of Herbst's offenses and his predatory characteristics properly influenced the district court's sentencing decision and that decision should be affirmed.

Further, if Herbst thought the district court's explanation should have been lengthier or was flawed, he should have expressed to the district court what he is telling this Court now, i.e., that the district

12

court was too excessively focused on punishment. If Herbst had made this concern known to the district court following imposition of sentence, the district court could have responded.

This Court has affirmed the reasonableness of a 1,320 month sentence for the same type of conduct in *United States v. Carpenter*, 221 Fed.Appx. 517 (9th Cir. 2007). Carpenter sexually abused and photographed his three minor daughters engaged in sexually explicit conduct and distributed those images. This Court noted that "[t]he district court reasonably concluded that a sentence of 1,320 months was needed to protect the public from further crimes of the defendant and to reflect the seriousness of the offense." *Id.* Herbst's conduct is no less egregious and his sentence is no less reasonable.

The district court in this case "did everything required by the Supreme Court and its chosen sentence was neither unreasonable nor reflective of an abuse of the ample discretion [afforded] under *Gall*." *United States v. Garro*, 517 F.3d 1163, 1172 (9th Cir. 2008).

## CONCLUSION

Herbst's sentence should be affirmed.

**DATED** this 19th day of June, 2009.

WILLIAM W. MERCER
United States Attorney


_/s/ Marica Hurd_____
MARCIA HURD
Assistant U.S. Attorney
Attorney for Appellee

14

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June, 2009, I electronically filed the foregoing with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Marcia Hurd
MARCIA HURD
Assistant U.S. Attorney
Attorney for Appellee

## STATEMENT OF RELATED CASES

There are no related cases.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(c) and Ninth Circuit

Rule 32-1, the attached answering brief is proportionately spaced, has a

typeface of 14 points or more, and the body of the argument contains

2426 words.


WILLIAM W. MERCER
United States Attorney


_/s/ Marcia Hurd_____
MARCIA HURD
Assistant U.S. Attorney
Attorney for Appellee